UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | LA CV 13-5097 JCG | Date | October 23, 2015 |
|---|---|---|---|
| Title | *Benigno Martinez Navarro v. Carolyn W. Colvin* | | |

| Present: The Honorable | Jay C. Gandhi, United States Magistrate Judge | | |
|---|---|---|---|
| Kristee Hopkins | None Appearing | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: | | |
| None Appearing | None Appearing | | |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

Pending before the Court are Benigno Martinez Navarro ("Plaintiff")'s counsel Steven G. Rosales ("Counsel")'s Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"), and Carolyn W. Colvin ("Defendant")'s response. [*See* Dkt. Nos. 25, 27.]

For the reasons stated below, the Court **GRANTS** Counsel's Motion.

In short, this Motion arises from a social security action challenging Defendant's decision to deny disability benefits to Plaintiff. On May 15, 2014, the Court reversed and remanded this matter for further administrative proceedings. [Dkt. Nos. 21-22.] On remand, Plaintiff was found disabled, and awarded $81,778.00 in retroactive benefits. (Mot., Rosales Decl. at ¶ 4.)

Now, Counsel requests a total of $20,444.00 in attorney fees under § 406(b) for his work to date. (Mot. at 3.) This sum covers 19.6 attorney hours and 3.2 paralegal hours. (*Id.*) [Dkt. No. 25-4.]

Under § 406(b), the Court may grant a reasonable fee to a disability claimant's attorney, provided that it does not exceed 25 percent of the total award. 42 U.S.C. § 406(b)(1)(A).

Seven reasons suggest that Counsel's request is, in fact, reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 13-5097 JCG | Date | October 23, 2015 |
|---|---|---|---|
| Title | *Benigno Martinez Navarro v. Carolyn W. Colvin* | | |

First, and foremost, the Court notes that Plaintiff agreed, in writing, to Counsel receiving 25 percent of his award.[1] [Dkt. No. 25-1.] Through Counsel's efforts, Plaintiff was ultimately awarded $81,778.00 in retroactive benefits. (Mot., Rosales Decl. at ¶ 4.) Therefore, by contract, Counsel is entitled to $20,444.00 of the retroactive benefits.

Notably, in *Gisbrecht v. Barnhart*, the Supreme Court explained that § 406(b) is meant "to control, not to displace" contingent fee agreements. 535 U.S. 789, 793 (2002). While courts review fee agreements as an "independent check, to assure that they yield reasonable results in particular cases," lawful contingency agreements are "the primary means by which fees are set" for the successful representation of disability claimants. *Id.* at 807.

Second, the Court recognizes that Counsel obtained a favorable result for Plaintiff (*i.e.*, remand for further administrative proceedings, and the ultimate award of retroactive benefits).

Third, the time expended by Counsel's office in this case, 22.8 hours, falls within the acceptable range. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting cases supporting a "twenty to forty hour benchmark" for social security fee awards) (citation omitted).

Fourth, Counsel's request for a fee award of $20,444.00 translates to an effective "blended" hourly rate of $896.67, which is reasonable. *See, e.g.*, *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (canvassing § 406(b) cases, and observing that courts have approved de facto hourly rates ranging from $187.55 to $694.44); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1169-71 (C.D. Cal. 2006) (reviewing cases approving awards at rates of up to $982.00 per hour); *Villa v. Astrue*, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving § 406(b) fees exceeding $1,000.00 per hour).

Fifth, Defendant does not allege that Counsel was responsible for any delays, or that the quality of his representation was substandard. *See Gisbrecht*, 535 U.S. at 808

---

[1]   Without belaboring the obvious, it should also be noted that Counsel assumed the risk of nonpayment and would receive his fee only if Plaintiff received benefits by a decision of the Social Security Administration or by judgment of this Court. *See Hardin v. Astrue*, 2009 WL 1808462, at *2 (C.D. Cal. June 23, 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 13-5097 JCG | Date | October 23, 2015 |
|---|---|---|---|
| Title | *Benigno Martinez Navarro v. Carolyn W. Colvin* | | |

(holding that a reduction of fees may be appropriate if there were any delays or if the representation was substandard).

Sixth, nothing in the record suggests that there was any overreaching or impropriety in the creation of the fee agreement, or in Counsel representing Plaintiff before this Court.

Seventh, Plaintiff had the opportunity to oppose Counsel's Motion, but chose not to do so.

Thus, based on the above, the Court finds that the requested fees are not so inordinately large as to represent a windfall for Counsel. Moreover, the Court finds no reason to conclude that Counsel's fees are unreasonable.

Accordingly, IT IS ORDERED THAT:

1. Counsel's Motion, [Dkt. No. 25], is **GRANTED**.

2. Judgment is hereby **ENTERED** awarding attorney fees in the amount of $20,444.00. In light of the previous payment of EAJA fees, Counsel shall reimburse Plaintiff in the amount of $4,100.00.

Pursuant to Local Rule 58-6, the Court **ORDERS** that this Order shall constitute entry of judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

*It is so ordered.*

cc: Parties of Record

|  | 00 : 00 |
|---|---|
|  | Initials of Clerk    kh |